UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLAS L. PENNINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  06-1808 (RWR) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant, through undersigned counsel, respectfully files this motion to dismiss. See Fed. R. Civ. P. 12(b)(1) & (c).  Defendant has responded to plaintiff's self-described request for very specific information and, accordingly, this case is moot.  Moreover, as the defendant has not withheld the sought information, jurisdiction under the Freedom of Information Act is not supported.  Therefore, the Court should dismiss this matter in its entirety.  The Court is respectfully referred to the arguments contained in defendant's accompanying memorandum of points and authorities in further support of this motion

                                      Respectfully submitted,
                                        /s/
                                      JEFFREY A. TAYLOR, D.C. BAR # 498610
                                      United States Attorney
                                        /s/

                                      RUDOLPH CONTRERAS, D.C. BAR # 434122
                                      Assistant United States Attorney

/s/
MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm E4114
555 4th Street, N.W.
Washington, D.C. 20530
*(202) 514-7135*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLAS L. PENNINGTON,        )<br>                                                         )<br>        Plaintiff,                            )<br>                                                         )<br>        v.                                         )<br>                                                         )<br>UNITED STATES DEPARTMENT OF )<br>        JUSTICE,                             )<br>                                                         )<br>        Defendant.                       )<br>_____) | Civil Action No.  06-1808 (RWR) |

DEFENDANT'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

This is a Freedom of Information Act (FOIA) case through which plaintiff seeks records, or more specifically information, regarding the dates of employment of an Assistant United States Attorney in the Eastern District of Missouri. In his Complaint, Mr. Pennington states that

> Plaintiff's request to the Department of Justice was very narrowly drawn, wherein he sought the specific date the Assistant United States Attorney by the name of Keith Sorrell, whose duty station is at Cape Girardeau, Missouri, applied for the position of Assistant United States Attorney, the date the background investigation commenced, the date the background investigation was completed, the date the position of Assistant United States Attorney was offered to him as well as the date Mr. Sorrell took the oath of office.

Complaint at ¶ 8. Plaintiff further states that he "has not sought a copy of the text of any of the records other than the date(s) the events Plaintiff specified occurred". Id. at ¶ 11.

By letter dated March 20, 2007, the Executive Office for United States Attorneys (EOUSA) forwarded to Mr. Pennington a copy of a letter from the Human Resources Specialist in the United States Attorney's Office for the Eastern District of Missouri (USA-EDM) containing the information responsive to plaintiff's "very narrowly drawn" request.  See Exh. A (March 20, 2007 Letter from EOUSA to Douglas Pennington, and enclosure, March 12, 2007 Letter from USA-EDM to EOUSA).  Accordingly, all of the information Mr. Pennington sought has been provided to him and this case should be dismissed.

Since all of the information Mr. Pennington sought has been provided to him, this matter is moot.  The mootness doctrine, deriving from Article III of the Constitution, limits federal courts to deciding actual continuing controversies.  Clarke v. United States, 915 F.2d 699, 700-701 (D.C. Cir. 1990) (en banc).  As the Court of Appeals observed in Clarke:

> Even where litigation poses a live controversy when filed, the doctrine requires a federal court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." Transwestern Pipeline Co. v. FERC, 897 F.2d 570, 575 (D.C. Cir. 1990); see also Preiser v. Newkirk, [422 U.S. 395, 401 (1975)].  This limitation "subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Continental Bank Corp., [110 S. Ct. 1249, 1253 (1990)].

Clarke, 915 F.2d at 701.  Moreover, mootness is a jurisdictional question because federal courts are not empowered to decide moot questions or abstract propositions.  North

Carolina v. Rice, 404 U.S. 244, 246 (1971). Thus, the exercise of judicial power under Article III depends at all times on the existence of a concrete case or controversy. See Penthouse International, Ltd. v. Meese, 939 F.2d 1011 (D.C. Cir. 1991); Committee In Solidarity With The People Of El Salvador v. Sessions, 929 F.2d 742 (D.C. Cir. 1991).

The mootness doctrine is unquestionably applicable to FOIA cases. See, e.g., Hall v. CIA, 437 F.3d 94, 99 (D.C. Cir. 2006) (finding that the agency's release of documents without seeking payment mooted plaintiff's "arguments that the district court's denial of a fee waiver was substantively incorrect"); Atkins v. Department of Justice, 1991 WL 185084, at *1 (D.C. Cir. 1991) ("The question whether DEA complied with the [FOIA] time limitation in responding to request is moot because DEA has now responded to this request."); Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987) (release of all nonexempt material, however long delayed, moots case).

The decision in Lepelletier v. FDIC, 23 Fed.Appx. 4, 2001 WL 1491398 (D.C. Cir. 2001) is particularly instructive. In that case, Lepelletier filed a complaint in district court against the Federal Deposit Insurance Corporation (FDIC) under, *inter alia*, the FOIA alleging that the names of individuals and businesses with unclaimed deposits at three banks for which the FDIC was acting as receiver were improperly withheld. After protracted litigation, including an appeal and remand, the FDIC ultimately provided to Lepelletier a list of all depositors with unclaimed funds in accounts held by the FDIC in its capacity as receiver and the district court dismissed the claim. Upon review, the Court

of Appeals held that Lepelletier's appeal became moot when the FDIC provided the list of depositors because Lepelletier had obtained the relief he sought through his FOIA request.

In the instant case, Mr. Pennington has plainly stated that he is not interested in any text from documents or other information except for the specific dates indicated above. These have been provided. Accordingly, there is no further live case or controversy between the parties and the complaint should be dismissed as moot.

> Respectfully submitted,
> /s/
> JEFFREY A. TAYLOR, D.C. BAR # 498610
> United States Attorney
> /s/
>
> RUDOLPH CONTRERAS, D.C. BAR # 434122
> Assistant United States Attorney
>
> /s/
> MADELYN E. JOHNSON, DC Bar #292318
> Assistant United States Attorney
> U.S. Attorney's Office, Rm  E4114
> 555 4th Street, N.W.
> Washington, D.C.  20530
> *(202) 514-7135*

CERTIFICATE OF SERVICE

      I CERTIFY that on June 15, 2007, plaintiff was served with a copy of the foregoing Motion to Dismiss via first-class mail postage prepaid and addressed:

Douglas L. Pennington
#26550-044
Federal Correctional Complex (Low)
P.O. Box 9000
Forest City, Arkansas 72336-9000


                                       _____/s/_____
                                       Madelyn E. Johnson
                                       Assistant U.S. Attorney
                                       555 4th Street, N.W., Rm. E4114
                                       Washington, D. C.  20530
                                       (202) 514-7135



**U.S. Department of Justice**

Executive Office for United States Attorneys

MAR 20 2007

FOIA Unit

Suite 7300, Bicentennial Building
600 E Street, N.W.
Washington, DC 20530

(202) 616-6757
FAX (202) 616-6478

*FILE COPY*

Mr. Douglas L. Pennington
Reg. No. 26550-044
Federal Correctional Institution
P.O. Box 9000
Forrest City, Arkansas 72336-9000

    RE:  Douglas Pennington v. U.S. DEPARTMENT OF JUSTICE
         Civil No. 1:06-cv-01808-RWR
         FOIA No. 06-1649

Dear Mr. Pennington:

    Please find enclosed responses to your request for dates of various events relating to AUSA Sorrell. Please be advised that the documents containing this information continue to be withheld per EOUSA's letter to you dated July 12, 2006.

                                    Sincerely,

                                    William G. Stewart III
                                    Assistant Director
                                    EOUSA, FOIA/PA Unit

Enclosures:



**United States Attorney**
*Eastern District of Missouri*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102

314-539-2200
FAX / 314-539-2777

March 12, 2007

John Boseker
Attorney
EOUSA FOIA/PA Unit
600 E. Street, N.W.
Room 7300
Washington, DC 20530

RE: Douglas L. Pennington FOIA request
No. 06-1649

Dear Mr. Boseker:

This letter is in response to your request for clarification of our FOIA response of June 21, 2006. This information was obtained from AUSA Sorrell's personnel folder.

Request # 1 - Date that AUSA Sorrell first applied for appointment to position of AUSA - May 14, 2001

Request # 2 - Dates background investigation commenced and ended - October 29, 2001 - March 22, 2002. Favorably adjudicated on March 8, 2003.

Request # 3 - Date Mr. Sorrell was offered position of AUSA in ED/MO - No responsive document in file

Request # 4 - Date Mr. Sorrell accepted offer to be appointed AUSA - September 7, 2001

Request # 5 - Date Mr. Sorrell took the oath of office - January 7, 2002

Very truly yours,

Janet L. Bender
Human Resources Specialist