IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

JUN 2 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DOUGLAS L. PENNINGTON,          )
                                )
        Plaintiff,               )
                                )
    v.                          )   Civil Action No. 06-1808 (RR)
                                )
UNITED STATES DEPARTMENT        )
OF JUSTICE,                     )
                                )
        Defendant.              )

### PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS

**COMES NOW DOUGLAS L. PENNINGTON**, pro se, and for his Response to the Defendant's Motion to Dismiss, and shows the Court as follows:

1.  Plaintiff submitted a very narrowly drawn request for information to the Department of Justice, as the Defendant has correctly noted.

2.  Defendant, however, rejected Plaintiff's narrowly drawn request and declined to provide the information Plaintiff had requested on the ground that it constituted an unreasonable invasion of privacy of the Assistant United States Attorney Plaintiff had inquired about.

3.  Plaintiff took an administrative appeal of the denial to the Department of Justice. After waiting many months for a resolution of the matter, Plaintiff instituted this litigation.

4.  Finally, in March of this year, six months after the initiation of this lawsuit, Plaintiff was provided with the information that he had been initially denied. It was only because of the institution of this litigation that Plaintiff received the information

he had sought.

5.   In obtaining the information Plaintiff was clearly entitled to receive, he was required to file a civil complaint and pay the $350.00 filing fee, and pay the costs of effecting service upon the Attorney General and the United States Attorney for the District of Columbia.

6.   Thus, while the matter is now moot, that state of affairs has been achieved solely because the Plaintiff expended the funds to institute the litigation which served as the catharsis for dislodging the information which was the subject matter of this lawsuit initially. Indeed, even before the information was finally provided to the Plaintiff, he had received the Answer, and as a result of the Answer served interrogatories upon Defendant (which were never answered).

7.   The complaint is not entirely moot because in the complaint, Plaintiff sought the recovery of his costs expended. Defendant has not addressed that portion of the Plaintiff's complaint in the Motion to Dismiss. Plaintiff is entitled to the recovery of his costs herein expended because he has substantially prevailed in this litigation.

8.   To not award the Plaintiff his costs herein expended would be most unfair to the Plaintiff. Plaintiff brought this action only after waiting a substantial period of time after the statutory deadline had expired for the administrative appeal from the initial denial of his request. To deny the recovery of costs in this instance would be to reward the failure of the Defendant to meet the statutory deadline Congress has provided for administrative appeals under the Freedom

of Information Act. In this case, a number of months elapsed before Plaintiff filed his suit. He filed this suit at considerable expense to himself, a cost he is legitimately entitled to recover.

**WHEREFORE**, for the foregoing reasons, Plaintiff prays that any disposition of this case include an award to Plaintiff of his costs in this action.


Respectfully submitted,

*/s/ Douglas L. Pennington*
DOUGLAS L. PENNINGTON
Reg. No. 26550-044
Federal Correctional Institution
Post Office Box 9000
Forrest City, Arkansas 72336-9000

**CERTIFICATE OF SERVICE**

    This is to certify the undersigned did mail a true and correct copy of the foregoing

    PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS

to:

        Madelyn E. Johnson
    Assistant United States Attorney
    U.S. Attorney's Office, Room E4114
        555 4th Street, N.W.
        Washington, DC   20530

by first-class mail, in a wrapper addressed as aforesaid, with sufficient first-class postage affixed thereto, and by depositing the same in the receptacle provided for inmate use in mailing legal matters from the Federal Correctional Institution at Forrest City, Arkansas, on this 21st day of June, 2007.

                  */s/ Douglas L. Pennington*
                  Douglas L. Pennington