**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                  )
DOUGLAS L. PENNINGTON,            )
                                  )
      Plaintiff,                  )
                                  )
      v.                          )      Civil Action No. 06-1808 (RWR)
                                  )
UNITED STATES DEPARTMENT          )
OF JUSTICE,                       )
                                  )
      Defendant.                  )
_____ )
```

## MEMORANDUM OPINION

Plaintiff Douglas Pennington, a *pro se* federal inmate, brought an action against the United States Department of Justice ("DOJ") under the Freedom of Information Act ("FOIA"). The DOJ moved to dismiss arguing that it provided the information sought by Pennington and that his case is moot. In reply, Pennington submits that he has not received the entirety of his requested relief, including filing fees and associated costs. Because Pennington is not a prevailing party, he is not entitled to costs and his complaint is dismissed.

Pennington is currently serving a sentence at the Federal Correctional Institution at Forrest City, Arkansas. He initially complained that the DOJ failed to respond to an administrative appeal of a decision from the Executive Office for the United States Attorneys denying Pennington access to employment information about an Assistant United States Attorney. The DOJ

- 2 -

moved to dismiss under Federal Rule of Civil Procedure 12(b)(1)
claiming that because Pennington later received the requested
records, the matter is now moot.  Pennington acknowledges that he
was provided with the employment information, but states that he
also seeks filing costs in his complaint which may be recouped
because "he has substantially prevailed in this litigation."
(Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Reply") at 2.)[1]

     FOIA allows a court to "assess against the United States
. . . litigation costs reasonably incurred in any case . . . in
which the complainant has substantially prevailed."  5 U.S.C.
§ 552(a)(4)(E).  To be considered a prevailing party a plaintiff
must demonstrate that a "material alteration of the legal
relationship of the parties" resulted from an enforceable
judgment on the merits or from a consent decree.  Buckhannon Bd.
& Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532
U.S. 598, 604 (2001) (interpreting the fee-shifting provision of
the Fair Housing Amendments Act of 1988 and the Americans with
Disabilities Act of 1990); see Davy v. Cent. Intelligence Agency,
456 F.3d 162, 164-65 (D.C. Cir. 2006) (applying Buckhannon to

---

     [1]     A scheduling order was issued on June 6, 2007 and the
DOJ filed its motion to dismiss on June 15, 2007.  Pennington
responded to the DOJ's motion on June 25, 2007 before an order
advising him of his obligations as a plaintiff under the Federal
Rules of Civil Procedure and the local rules of the United States
District Court for the District of Columbia could be prepared.
See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988).  Because
Pennington has timely responded to the DOJ's motion acknowledging
receipt of the information he sought, such an order is
unnecessary.

- 3 -

FOIA and noting that the "'substantially prevail' language in FOIA is the functional equivalent of the 'prevailing party' language found in the statutes Buckhannon interpreted") (internal citations omitted).

It is uncontested that no judicial relief in the form of a judgment on the merits or consent decree resulting in a material change in the legal relationship between Pennington and the DOJ occurred. Indeed, the DOJ voluntarily provided Pennington's requested relief. (Pl.'s Reply at 1 ("[S]ix months after the initiation of this lawsuit, Plaintiff was provided with the information that he had been initially denied.")); see Buckhannon, 532 U.S. at 605 ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change."). Because the DOJ did not turn over the information in response to any action by a court, Pennington is not a prevailing party entitled to costs. Cf. Davy, 456 F.3d at 165 (finding that a FOIA plaintiff had "substantially prevailed" where the court memorialized by order a joint stipulation for the production of responsive documents); Baker & Hostetler LLP v. U.S. Dep't of Commerce, 473 F.3d 312, 324 (D.C. Cir. 2006) (granting costs to a FOIA plaintiff as a prevailing party who received responsive documents "in accordance with the District Court's orders"). Given that Pennington has received the documents at the core of his complaint and he is not a

- 4 -

prevailing party, his complaint will be dismissed and he will not
be awarded filing fees and associated costs.  A final order
accompanies this memorandum opinion.

SIGNED this 30th day of August, 2007.


                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge